944 F.2d 911
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Teresa E. NEWSOM, Plaintiff-Appellant,
v.
Johnie Murrell PARKER and David B. Armstrong, doing business
as P & A Dirt Contractors, individually and as co-partners,
Johnnie Anson Parker, doing business as Kads Derricks,
individually, Allstate Insurance Company, as Illinois
corporation, Defendants-Appellees.
 No. 88-1867.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 18, 1991.
 
 Before HOLLOWAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Teresa Newsom (Newsom) appeals from the district court's order granting, upon motion for reconsideration, the defendants' motion to dismiss.
 
 
 3
 Newsom was involved in an auto accident on November 24, 1982. The applicable statute of limitations under Oklahoma law for a personal injury action was two years. Newsom filed an action in Oklahoma state court on April 9, 1984. For reasons which are irrelevant for purposes of our disposition, Newsom filed an identical action in federal district court on September 17, 1986, after the two-year limitation period had run. Upon discovery of the pending state litigation, the federal action was administratively closed. Newsom's state action was voluntarily dismissed on June 10, 1987, and shortly thereafter, on June 16, 1987, the federal action was reopened. That case was dismissed on the same day it was reopened for lack of sufficient jurisdictional allegations. Newsom was allowed, however, to amend her complaint to cure the deficiencies, which she did on September 24, 1987. That brings us to the procedural posture of this case at the time of the district court's dismissal.
 
 
 4
 The district court initially denied defendants' motion to dismiss, reasoning that dismissal would be futile in light of Oklahoma's "savings statute," Okla.Stat. Tit. 12, § 100 (1981). That statute provides in pertinent part: "If any action is commenced within due time, and ... and if the plaintiff fails in such action otherwise than upon the merits, the plaintiff ... may commence a new action within one (1) year after the ... failure although the time limit for commencing the new action shall have expired before the new action is filed." The district court found that since Newsom's state court action was dismissed on June 10, 1987, without prejudice, under Oklahoma's savings statute, she would have had until June 10, 1988, to file a new action. The district court found that dismissal would be futile in that situation because the case could be immediately reinstituted.
 
 
 5
 After the district court's denial of the motion to dismiss, but before its consideration of defendants' motion to reconsider, Newsom apparently changed residences, thereby putting diversity into question. Upon motion for reconsideration, the district court observed that there was a possible diversity failure which was not present before. Thus, the court found that dismissal would no longer be futile because there was a possibility that a new action commenced under the savings statute might lack a jurisdictional basis because the parties were non-diverse. The court then dismissed Newsom's federal court action because it was not commenced within the two-year limitation period, and found the savings statute to be inapplicable because the federal action was not filed after an action filed in due time failed otherwise than on the merits.
 
 
 6
 In reviewing the interpretation and application of state law by a resident federal district court, we review de novo. Salve Regina College v. Russell, --- U.S. ----, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991). There is no dispute that the applicable statute of limitations under Oklahoma law in this case was two years. Because the federal action was filed after the two-year limitation period had run and the savings statute was inapplicable, we hold that the district court's order of dismissal was correct.
 
 
 7
 WE AFFIRM.
 
 
 8
 Judge Holloway may file a separate opinion.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3